Glen J. ELLIS, Plaintiff and Petitioner,

v.

UTAH STATE RETIREMENT BOARD,
Defendant and Respondent.

No. 880333.

Supreme Court of Utah.

Nov. 6, 1989.

Glen J. Ellis, Provo, pro se.

Mark A. Madsen, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

Petitioner seeks review of the decision of the Utah Court of Appeals which upheld the denial of disability retirement benefits by the district court and the Utah State Retirement Board. 757 P.2d 882 (Utah Ct. App.1988).

Prior to July 1, 1983, the provisions of the Utah State Retirement Act[1] governed the eligibility requirements for receiving a disability benefit. On July 1, 1983, a newly enacted disability retirement program entitled "The Utah Public Employees' Disability Act"[2] became effective and governed all disabilities occurring on or after July 1, 1983.

Petitioner was employed by Provo City, which elected on January 1, 1985, to exempt itself from coverage under the Utah state retirement system as permitted by statute. Thereafter, on April 28, 1986, petitioner made application for disability retirement benefits under the provisions of the Utah State Retirement Act. Petitioner was denied benefits under the pre–1983 retirement act because his disability did not occur until 1986, three years after the effective date of the new disability act. He was also denied benefits under the new disability act because Provo City, his employer, had exercised its statutory option by electing not to participate in coverage under the new disability act.

We conclude, as did the Court of Appeals, that petitioner failed to satisfy the conditions precedent to become eligible for disability benefits under either of the applicable acts and therefore was not deprived of any vested rights.

Affirmed.

DURHAM and ZIMMERMAN, JJ., concur.

HOWE, Associate Chief Justice (Concurring):

I concur but desire to state in more detail my reasons for so doing. Mr. Ellis contends that the disability retirement program enacted in 1983 does not apply to him because (1) his employer, Provo City, exercised its statutory option under Utah Code Ann. § 49–9a–4 not to participate in that program and (2) he is not "totally disabled" as defined by the 1983 act. He contends

---

1. Utah Code Ann. §§ 49–10–1 to –61 (1981 & Supps 1982 & 1983).

2. Utah Code Ann. §§ 49–9a–1 to –15 (Supp.1985) (amended 1986; repealed and recodified 1987).

that he should have been given a disability retirement under the pre–1983 disability retirement program which was not repealed by the 1983 act and which did not require that he be "totally disabled."

The Court of Appeals, in *Ellis v. Utah State Retirement Bd.*, 757 P.2d 882, 884 (Utah Ct.App.1988), correctly decided that the 1983 enactment did not expressly abolish the pre–1983 disability retirement program which was created in 1967 and found at section 49–10–28. Ellis asserts that he should have been allowed a disability retirement under the pre–1983 law since he met the definition of disability under that law. He relies chiefly upon the first sentence of section 49–9a–8 (part of the 1983 enactment), which provides:

> All *covered* disabilities with a date of disability on or after the effective date of this act [July 1, 1983] shall be administered under this act.

(Italics added.) Ellis argues that this first sentence does not apply to him because his disability is not a "covered" disability under the 1983 act for the reasons which I have earlier stated. Therefore, he concludes that he should be allowed benefits under the pre–1983 act since he has no "covered" disabilities under the 1983 act.

The difficulty with that argument is that the second sentence of section 49–9a–8 provides:

> Disabilities commencing before the effective date of this act shall be administered under the provisions of Chapter 10, Title 49.

That sentence makes it clear to me that only disabilities commencing before July 1, 1983, can be administered under the pre–1983 law. Ellis's disability did not occur until 1986. Therefore, although the first sentence of section 49–9a–8 is arguably subject to the interpretation which Ellis places upon it, the second sentence of that section makes it clear that his interpretation is not correct and that it was the legislative intent not to allow persons becoming disabled after July 1, 1983 to receive benefits under the pre–1983 act.

STEWART, J., concurs in the concurring opinion of HOWE, Associate C.J.